UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON C. MCDUFFIE,

    Plaintiff,

Case No. 17-C-984

CAPT. SWIEKATOWSKI, et al.,

    Defendants.

**ORDER**

Plaintiff Brandon C. McDuffie, a Wisconsin state prisoner who is representing himself, filed a civil rights action under 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights at the Green Bay Correctional Institution ("GBCI"). This matter comes before the court on plaintiff's motion to proceed without prepayment of the filing fee and for screening of the complaint.

The court assessed an initial partial filing fee of $18.68. ECF No. 5. Plaintiff paid that amount on July 27, 2017. Therefore, the court will grant plaintiff's motion to proceed without prepayment of the filing fee.

The Prison Litigation Reform Act ("PLRA") applies to this action because plaintiff was incarcerated when he filed this complaint. 28 U.S.C. § 1915. The PLRA requires federal courts to screen complaints brought by an incarcerated plaintiff seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court can dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The factual content of the complaint must allow the court to "draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678. With this understanding, I now turn to the factual allegations of the complaint.

## FACTUAL ALLEGATIONS

Plaintiff is an inmate at GBCI. ECF No. 1, ¶ 3. Defendant Swiekatowski is Captain at GBCI (*id*., ¶ 4); defendant Scott Eckstein is Warden at GBCI (*id*., ¶ 5).

On February 14, 2017, plaintiff had a mental breakdown and wanted to commit suicide. *Id*., ¶ 7. He climbed to the top of the HVAC vent, a structure that is about three stories above ground level, with the intent to jump off to his death. *Id*., ¶¶ 8–9. Several individuals, including other inmates and correctional officers, intervened to distract him. *Id*., ¶ 10. Plaintiff's sister was called and he started to calm down. *Id*. ¶¶ 11–12.

Plaintiff was about to ask for help to get off of the structure when Captain Swiekatowski and the crisis response team arrived. *Id*., ¶¶ 12–13. They made aggressive and threatening statements which caused plaintiff to become upset again. *Id*., ¶ 14. Plaintiff asked to see the "psych services

2

staff" but Captain Swiekatowski denied the request, choosing instead to use a "chemical agent pepper ball gun" on plaintiff. *Id.*, ¶¶ 15–17. The HVAC vent shaft began to falter, as if it would collapse under plaintiff's weight, but Captain Swiekatowski continued to shoot the semi-automatic weapon at plaintiff's torso numerous times. *Id.*, ¶¶ 18–20. Captain Swiekatowski saw that plaintiff had not fallen and aimed the weapon at his left knees "with the intent to make him fall 3 stories to the ground." *Id.*, ¶ 21.

Plaintiff asked to see psych services again but Captain Swiekatowski walked away. *Id.*, ¶¶ 23–25. Plaintiff started to feel the effects of the chemical agent and asked for his inhaler. *Id.*, ¶ 26. Sergeant Cummings (not a defendant) agreed to find the inhaler if plaintiff agreed to come down off of the vent system. *Id.*, ¶ 27. Plaintiff climbed off the vent and went to the medical unit. *Id.*, ¶ 28. He had swelling and severe pain and bruising on his left knee, left arm, and rib cage area from the chemical gun. *Id.*, ¶¶ 29–30.

The next day, February 15, 2017, Captain Swiekatowski went to the suicide observation cell, where plaintiff spent the night. *Id.*, ¶¶ 31–32. Captain Swiekatowski said to plaintiff, "It wasn't like you to do something like that." *Id.*, ¶ 32. Plaintiff asked why he had been shot and Swiekatowski replied, "I only shot you because we had to get showers done and you already held up dinner." *Id.*, ¶¶ 33–34.

Plaintiff filed an inmate grievance on the incident, which Warden Eckstein and the Corrections Complaint Examiner dismissed. *Id.*, ¶¶ 35–37. For relief, plaintiff seeks declaratory relief, injunctive relief, and monetary damages.

## ANALYSIS

To state a claim under 42 U.S.C. § 1983, plaintiff must show that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Liability under § 1983 is predicated on a defendant's personal involvement in the constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff must prove that each defendant was in some way personally responsible for the alleged deprivations and that the deprivations occurred with the knowledge and consent of that defendant. *Id*.

The Eighth Amendment's proscription of cruel and unusual punishment prohibits prison authorities from "unnecessarily and wantonly inflicting pain on inmates." *See Rivera v. Drake*, 497 Fed. Appx. 635, 637 (7th Cir. 2012). Use of force that is maliciously motivated, unrelated to institutional security, and lack a legitimate penological justification violate the Eighth Amendment. *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730.737 (2002)). "Infliction of pain that is totally without penological justification is *per se* malicious." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

It appears that plaintiff has stated an Eighth Amendment claim against Captain Swiekatowski for his use of a chemical gun to shoot pellets at plaintiff in response to plaintiff's request to talk to someone from the psychological services staff. According to plaintiff, Captain Swiekatowski had no reason to use the chemical gun as he was about to come off of the HVAC unit on his own. plaintiff claims he experienced a lot of pain from use of the chemical gun, but apart from that, plaintiff was three stories above ground and could have fallen of the HVAC system, either by tripping or losing consciousness from the gas. The suggestion that Captain Swiekatowski shot

4

Plaintiff because he had held up dinner and they were behind on the schedule would hardly seem to justify the intentional infliction of pain. These facts are sufficient to state an Eighth Amendment claim against Captain Swiekatowski.

At the same time, the court recognizes that prison inmates cannot be allowed to undermine prison order and discipline by threatening to harm themselves if the guards do not accede to their demands. *See, e.g., Bowers v. Pollard*, 602 F. Supp. 2d 977, 993 (E.D. Wis. 2009), *aff'd* 345 Fed. Appx. 191 (7th Cir. 2009). No prison can operate if prisoners are given such power. *Id.* Whether Captain Swiekatowski's decision to shoot plaintiff with a pepper ball gun was justified under the circumstances he confronted in order to maintain order, assuming the facts alleged are true, cannot be answered at the pleading stage. Accordingly, the case will go forward as to Captain Swiekatowski.

The same is not true, however, as to plaintiff's claim against Warden Eckstein. Warden Eckstein dismissed plaintiff's inmate complaint regarding the incident, however, "[a] grievance examiner cannot violate the constitution by denying a complaint about a completed act of harm." *Turner v. Hoeschst*, No. 15-CV-23-JDP, 2016 WL 492323, at *2 (W.D. Wis. Feb. 5, 2016). "This makes sense because the examiner could take no action to undo the harm done to the prisoner." *Id*. Here, Captain Swiekatowski's conduct was a one-time occurrence and Warden Eckstein could take no action to undo the harm.

Further, for a Warden to be liable for failure to train, he must be aware that a lack of training or inadequate training created a substantial risk that prisoners could suffer serious harm but failed to provide adequate training despite that awareness. *Jackson v. Gerl*, 622 F. Supp. 2d 738, 752 (W.D. Wis. 2009) (citing *Weiss v. Cooley,* 230 F.3d 1027, 1033 (7th Cir. 2000)). Here, there is no

5

allegation that plaintiff ever notified Warden Eckstein that prison staff were using chemical guns in the way Captain Swiekatowski did in this case, and plaintiff does not allege facts showing a pattern of this sort of behavior from other prison staff. Plaintiff's isolated incident is insufficient to state a claim for relief against Eckstein for failure to train. Therefore, Warden Eckstein will be dismissed from this action.

**ORDER**

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**. The agency having custody of plaintiff shall collect from his institution trust account the **$331.32** balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ORDERED** that Warden Eckstein is dismissed from this case.

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Captain Swiekatowski. Defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this Order.

**IT IS ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this 10th day of August, 2017.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court