# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRANDON C. MCDUFFIE, | |
| Plaintiff, | Case No. 17-CV-984-JPS |
| v. | |
| WILLIAM SWIEKATOWSKI, | **ORDER** |
| Defendant. | |

On August 10, 2017, the Court screened Plaintiff's original complaint. (Docket #8). The Court permitted Plaintiff to proceed on a claim of excessive force under the Eighth Amendment against Defendant William Swiekatowski ("Swiekatowski"). *Id.* at 2–5. On August 25, 2017, the Court entered a scheduling order in this matter and afforded Plaintiff until September 25, 2017, to file an amended complaint if he chose to do so. (Docket #12). Plaintiff filed an amended complaint on September 19, 2017. (Docket #19). The Court now turns to screening that amended complaint.

As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #8 at 1–2).

Plaintiff's amended complaint is almost identical to his original complaint. *Compare* (Docket #1), *with* (Docket #19). Put briefly, Plaintiff's claims arise from his attempted suicide on February 14, 2017, by jumping off of a three-story-high structure. (Docket #19 at 3). Swiekatowski shot Plaintiff with a pepper ball gun in order to encourage him to come down from the structure. *Id.* at 4. Plaintiff did not jump, but he says that Swiekatowski's shooting did not help matters and was unwarranted under the circumstances. *Id.* at 4–5.

The only differences of note between the original and amended complaints are that (1) a previously dismissed defendant, Warden Scott Eckstein, is no longer mentioned, and (2) Plaintiff appears to assert an additional claim for Swiekatowski's deliberate indifference to his serious medical needs—here, his mental health issues. *See id.* at 7. While correctional officers are not often liable for failing to care for an inmate's serious medical needs, *see Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011), because Plaintiff's claim implicates alleged suicidality, and in light of the lenient standard of review applied at screening, the Court will permit the claim to proceed, *see Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003); *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). Consequently, the Court will permit Plaintiff to proceed against Swiekatowski on a claim of excessive force, in violation of the Eighth Amendment, and a claim of deliberate indifference to his serious medical needs, also in violation of the Eighth Amendment. 28 U.S.C. § 1915A(b).

The Court will close by addressing Plaintiff's pending motion for a temporary restraining order. (Docket #14). In the motion, Plaintiff seeks an order separating him from Swiekatowski during the pendency of this

litigation and for a prison transfer to avoid what he views as retaliation for his bringing this lawsuit. (Docket #15 at 1–2). The alleged acts of retaliation include punitive segregation, denial of access to the law library, and harassment by prison staff other than Swiekatowski. *Id.*

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three factors, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Against this backdrop, the Court must deny Plaintiff's motion. First, his allegations of retaliation are conclusory at best. He does not create a colorable link between the actions of prison officials—none of whom are

defendants in this case—and the filing of his lawsuit. His conjecture that these acts are being done with retaliatory animus is not enough.

Second, Plaintiff's request for a transfer is unrelated to his underlying claims of excessive force and deliberate indifference to his medical needs. Indeed, he does not identify any ongoing retaliation by the lone defendant in this case, Swiekatowski. As a result, the Court is not inclined to grant the requested relief, as doing so would expand the reach of this case to matters outside the complaint. If the actions of other prison officials interfere with his ability to litigate this case, that may be a separate claim not related to the operative allegations here.

Third, Plaintiff's requested relief is overbroad. With respect to preliminary injunctive relief regarding prison conditions, Congress provides that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, the court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief[.]" *Id.* Plaintiff's requests for a no-contact order and for a transfer out of his present institution are well beyond the scope of what the court can order in any narrowly tailored preliminary injunction. *See id.*; *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'") (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). At a minimum, such requests are "highly intrusive to the inner workings of the prison system and would tread upon the DOC's authority over running their institution." *Capoeria v.*

*Pollard*, Case No. 16-CV-224, 2016 WL 1452398, at *4 (E.D. Wis. Apr. 13, 2016) (citing *Baird v. Hodge*, Case No. 13–cv–0376–MJR–SCW, 2013 WL 6493694, at *8–9 (S.D. Ill. Dec. 10, 2013)). His request for injunctive relief will, therefore, be denied. *See Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) ("A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #19) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Docket #14) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge