# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDON C. MCDUFFIE,

                Plaintiff,

v.                                        Case No. 17-CV-984-JPS

WILLIAM SWIEKATOWSKI,                 **ORDER**

                Defendant.

Plaintiff, who is incarcerated at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. *See* (Docket #1, #19). He paid an initial partial filing fee ("IPFF") of $18.68 pursuant to 28 U.S.C. § 1951(b)(1). *See* (Docket #8 at 1). On November 30, 2017, Plaintiff filed a motion requesting that the Court order the balance of the $350.00 filing fee in this case be paid from his prison release account. (Docket #22). The Court must deny the motion.

The Court may not order the requested disbursement from Plaintiff's prison release account to be paid toward the filing fee in this matter. The most the Court can do is direct that the IPFF be paid from his release account. *See Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "the federal Prison Litigation Reform Act [("PLRA")]. . .authorize[s] the courts to order that. . .a prisoner's release account be made available [to pay an IPFF]"). The Court lacks the authority—statutory or otherwise—to allow a prisoner to tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release

account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to the prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. As a consequence, the Court is obliged to deny Plaintiff's request to pay the remaining balance of his filing fee from his release account.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use his release account to pay the remaining balance of the filing fee in this matter (Docket #22) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge