# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRANDON C. MCDUFFIE,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM SWIEKATOWSKI,<br><br>        Defendant. | Case No. 17-CV-984-JPS<br><br>**ORDER** |

  On March 14, 2018, Plaintiff filed a motion to compel discovery responses from Defendant. (Docket #29). He says he requested documents from Defendant in certain identified categories and that Defendant objected to producing them. *Id.* at 1. Plaintiff avers that the documents are "highly relevant to this case and will do me more harm to not inspect them than it will for me to inspect them." (Docket #30 ¶ 5).

  The Court must deny the motion, as it is premature. Before seeking Court intervention into discovery matters, Plaintiff must first serve discovery requests on Defendant consistent with the requirements of the Federal Rules of Civil Procedure. If Defendant does not appropriately respond to Plaintiff's discovery requests, Plaintiff must then make good-faith efforts to confer with Defendant's counsel to resolve the matter without involving the Court. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37. If those efforts fail, then and only then may Plaintiff file a motion to compel discovery responses with the Court. *See Ross v. Bd. of Regents of Univ. of Wis. Sys.*, No. 08–CV–230, 2008 WL 5129941, at *1 (E.D. Wis. Dec. 5, 2008); *Williams v. Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007). Here, Plaintiff offers no evidence that he engaged in good-faith

discussions with defense counsel to compromise on their areas of disagreement concerning the document requests. That must be done, and evidence of those efforts must be provided, before the Court will entertain a motion to compel.

Moreover, if he should file such a motion in the future, Plaintiff is warned that he must do more than simply reference Defendant's failure to respond to certain discovery requests and baldly claim that the requests are relevant. Rather, he must provide argument and citation to authority as to why each request is relevant and proportional to the needs of his case, why any existing document production by Defendant, if any, is inadequate or incomplete, and why Defendant's objections to his requests are without merit. No such argument is present in the instant motion, although it must be denied in any event for Plaintiff's failure to engage in meet-and-confer efforts, as noted above.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel discovery responses (Docket #29) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge